IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| CHARLES HINES, JR., | ) | |
|---|---|---|
| | ) | Civil Action No. 07 - 1606 |
| Plaintiff, | ) | |
| | ) | Magistrate Judge Lisa Pupo Lenihan |
| v. | ) | |
| | ) | |
| BEAVER COUNTY PRISON, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM ORDER**

Plaintiff, Charles Hines, Jr., formerly, a prisoner at the Beaver County Prison (BCP), submitted a Complaint for filing in this district along with a motion to proceed *in forma pauperis*, which was granted on November 27, 2007 (doc. no. 2). Also on that date, Plaintiff submitted his Consent to Jurisdiction by a United States Magistrate Judge (doc. no. 4). Plaintiff commenced this action against Defendant Beaver County Prison complaining about the handling of his mail. On March 28, 2008, this Court ordered Plaintiff to file an amended complaint to cure the deficiencies in his Complaint (doc. no. 6). Plaintiff has not filed an amended complaint. For the reasons that follow, the Complaint should be dismissed because Plaintiff has not set forth any allegation upon which to base liability against the Defendant. An appropriate order follows.

A. Standard of Review

In the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), Congress adopted major changes affecting federal actions brought by prisoners in an effort to curb the increasing number of frivolous and harassing law suits brought by persons in custody. The authority granted to federal courts for *sua sponte* screening and dismissal of prisoner claims in that Act is applicable to this case.

Specifically, Congress significantly amended Title 28 of the United States Code, section 1915, which establishes the criteria for allowing an action to proceed *in forma pauperis* (IFP), *i.e.*, without prepayment of costs.  Section 1915(e) (as amended) requires the federal courts to review complaints filed by persons that are proceeding IFP and to dismiss, at any time, any action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

Further, the PLRA substantially amended the Civil Rights of Institutionalized Persons Act, 42 U.S.C.A. § 1997e.  In this regard, the PLRA amended section 1997e(c) to require the court "on its own motion or on the motion of a party" to dismiss any action brought by a prisoner with respect to prison conditions under 42 U.S.C. § 1983 if the action is "frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief."  *See* 42 U.S.C. § 1997e(c)(1).[1]

Plaintiff is considered a "prisoner" as that term is defined under the PLRA, *see* 28 U.S.C. §§ 1915(h); 1915A(c), he is proceeding IFP in this action (doc. no. 2) and he is complaining about prison conditions.  Thus his allegations must be reviewed in accordance with 28 U.S.C. § 1915(e)(2)(B) and 42 U.S.C. § 1997e(c)(1).

In reviewing complaints under 28 U.S.C. § 1915(e)(2)(B) and 42 U.S.C. §

---

[1]*See, e.g.*, Wallace v. Engler, 1997 WL 111777 (E.D. Mich. 1997) (Section 803(d) of the PLRA amended 42 U.S.C. § 1997e to add a provision requiring the court to dismiss an action that fails to state a claim *sua sponte*, applicable to all cases filed by prisoners challenging prison conditions, regardless of whether the action is brought in forma pauperis); Boblett v. Angelone, 957 F. Supp. 808 (E.D. Va. 1997) (Under § 1997e(c) court may dismiss civil rights action brought with respect to prison conditions by prisoner if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief).

1997e(c)(1), a federal court applies the same standard applied to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See, e.g.*, Anyanwutaku v. Moore, 151 F.3d 1053 (D.C. Cir. 1998); Mitchell v. Farcass, 112 F.3d 1483, 1484 (11th Cir. 1997); Powell v. Hoover, 956 F. Supp. 564, 568 (M.D. Pa. 1997). A complaint must be dismissed pursuant to Fed. R. Civ. P. 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v.Twombly, 127 S. Ct. 1955, 1974 (May 21, 2007) (rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

### B. Liability Against the Beaver County Prison

The only Defendant in this action is the Beaver County Prison (BCP). The BCP is part of Beaver County; it has no separate existence.[2] Thus, Plaintiff's claim is construed as asserting liability against Beaver County.

Local governing bodies are deemed to be "persons" within the meaning of section 1983 and can be sued directly under the act for monetary, declaratory, or injunctive relief. In this regard, in Monell v. New York City Dep't of Social Servs., 436 U.S. 658 (1978), the Supreme Court held that municipalities and other local governmental units are "persons" subject to liability under 42 U.S.C. § 1983. In so ruling, however, the Court declared that municipal liability may not be premised on the mere fact that the governmental unit employed the offending official, *i.e.*, through application of the doctrine of *respondeat superior*. Instead, the Court concluded that a governmental unit may be liable under section 1983 only when its "policy" or "custom," whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, directly

---

[2] Moreover, Beaver County is not a part of the Commonwealth of Pennsylvania, which has sovereign immunity from Plaintiff's claims in this action.

inflicted the injury. Monell, 436 U.S. at 694. The "official policy" requirement distinguishes acts of the municipality from acts of employees of the municipality, thereby limiting liability to action for which the municipality is actually responsible, *i.e.*, acts that the municipality has officially sanctioned or ordered. *Id*. In Pembaur v. City of Cincinnati, 475 U.S. 469, 480 (1986), the Court further clarified that "municipal liability under § 1983 attaches where--and only where--a deliberate choice to follow a course of action is made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question." *Id*. at 483 (citation omitted).

Moreover, mere identification of a policy or custom is not enough to establish municipal liability; a plaintiff also must establish causation. In this regard, a plaintiff carries the burden of demonstrating a "plausible nexus" or "affirmative link" between the municipality's custom or policy and the constitutional deprivation at issue. Board of County Com'rs of Bryan County, Okl. v. Brown, 520 U.S. 397, 405 (1997) (a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights).

As set forth above, the County cannot be liable for any constitutional deprivations suffered by Plaintiff unless "there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation." City of Canton, 489 U.S. at 385. The Supreme Court has instructed that "policy" is made when a decisionmaker possessing final authority over the subject matter issues an official proclamation, policy, or edict. Pembaur, 475 U.S. at 481. Custom can be proven by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law. Monell, 436 U.S. at 690. *See*

4

*also* Bielevicz v. Dubinon, 915 F.2d 845, 850 (3d Cir. 1990).

In the case at bar, Plaintiff has not identified any policy or custom attributable to the County. Plaintiff was given an opportunity to amend his complaint but failed to do so. Consequently, his Complaint should be dismissed for failure to state a claim upon which relief may be granted. An appropriate order follows.

**AND NOW**, this 20th day of May, 2008;

**IT IS ORDERED** that Plaintiff's Complaint is **DISMISSED** under 28 U.S.C. § 1915(e)(2)(B) and/or 42 U.S.C. § 1997e(c)(1) for failure to state a claim upon which relief may be granted .

                    Lisa Pupo Lenihan
                    U.S. Magistrate Judge

Charles Hines, Jr.
Beaver County Prison
1109 Irwin Street
Aliquippa, PA  15001